McMILLIAN, Circuit Judge.
 

 Robert Shawn Wishon, a Missouri inmate, appeals from a final order entered in the District Court for the Eastern District of Missouri granting appellee prison officials’ motion for summary judgment in this 42 U.S.C. § 1983 action.
 
 [1]
 
 For reversal, Wi-shon argues that the district court erred in (1) denying him leave to file a sixth amended complaint, (2) granting summary judgment on his Eighth Amendment claim of inadequate out-of-cell recreation time, (3) his Eighth Amendment claims of unsanitary cell conditions and contaminated food, and (4) his equal protection claim of denial of educational/vocational opportunities. For the reasons discussed below, we affirm the judgment of the district court.
 

 Wishon was incarcerated in the Moberly Training Center for Men (MTCM) and assigned to the Protective Custody Unit I (PCUI) for his own protection.
 
 [2]
 
 His claims arise from the conditions of his confinement at MTCM. As a PCUI resident, Wi-shon was allowed 45 minutes per week for out-of-cell recreation in an individual, outdoor, fenced area and 30 minutes per week for showers. He was also allowed to be outside his cell to receive visitors, to have his hair cut, to receive medical care, to attend team meetings, or to make telephone calls.
 

 In his civil rights complaint, Wishon claimed that his 7' X 9' cell was infested with spiders and other vermin, the cells were not properly cleaned on a regular
 
 *448
 
 basis, and he was routinely served cold food, which was often contaminated with foreign objects. Wishon claims this treatment violates his Eighth Amendment rights. Wishon further claims his equal protection rights have been violated because he is not allowed access to educational, vocational or rehabilitative programs in which inmates in the general population are allowed to participate.
 

 This case was tried by a magistrate judge with consent of the parties pursuant to 28 U.S.C. § 636(c)(3). Wishon initially filed his complaint pro se; however, after his fourth amended complaint, Wishon was appointed an attorney. Appellee prison officials moved for summary judgment which was granted because the pleadings and pretrial evidence did not demonstrate the existence of a genuine issue of material fact. This appeal followed.
 

 MOTION TO PILE AMENDED COMPLAINT
 

 We review the district court’s denial of leave for Wishon to file a sixth amended complaint for abuse of discretion.
 
 See, e.g., Vitale v. Aetna Casualty & Surety Co.,
 
 814 F.2d 1242, 1252 (8th Cir.1987). Wishon attempted to file a sixth amended complaint to add two defendants and one claim regarding denial of dental treatment. Wishon argues that the dental treatment claim is related to the other claims and adds to the totality of circumstances the district court should consider to determine if the conditions of confinement constitute cruel and unusual punishment.
 

 The district court held that the addition of the dental claim was not appropriate.
 
 Wishon v.
 
 Jones,
 
 [3]
 
 No. N89-105 C, slip op. at 3 (E.D.Mo. Oct. 3, 1991) (Memorandum Opinion). The district court did not address Wishon’s request to add the two additional defendants, but noted that the addition of the dental claim would “involve substantial medical expertise [which] would be irrelevant to the claims now being litigated.”
 
 Id.
 
 We agree. The dental treatment claim is unrelated to Wishon’s other claims, and Wishon has not been prejudiced by the denial of leave to file an amended complaint because he may raise the dental treatment claim in a different suit. Therefore, we hold the district court did not abuse its discretion in denying Wishon’s motion for leave to file an amended compliant.
 

 OUT-OF-CELL RECREATION TIME
 

 Wishon next argues the district court erred in granting summary judgment in favor of appellees on his out-of-cell recreation claim. He argues that appellees allowed him too little out-of-cell recreation time in violation of his Eighth Amendment right to be free from cruel and unusual punishment.
 
 [4]
 
 As a PCUI resident, Wishon is allowed 45 minutes per week for exercise and 30 minutes per week for showers. Additional out-of-cell time is also allowed for haircuts, team meetings, medical treatment, and visits. Wishon argues that as a matter of law 45 minutes per week of out-of-cell recreation time violates the Eighth Amendment.
 

 We review a grant of summary judgment de novo. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to thé non-moving party, shows that there is no genuine issue as to any material fact and that the party moving for summary judgment is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c);
 
 see, e.g., Celotex Corp. v. Catrett, ill
 
 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986);
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986);
 
 St. Paul Fire & Marine Insurance Co. v. Winter,
 
 968 F.2d 695, 699 (8th Cir.1992);
 
 Get Away Club, Inc. v. Coleman,
 
 969 F.2d 664, 666 (8th Cir.1992).
 

 To prevail, Wishon had to show that the prison officials were deliberately
 
 *449
 
 indifferent to his exercise needs.
 
 Wilson v. Seiter,
 
 — U.S. —, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). In considering an alleged deprivation of adequate exercise, courts must consider several factors including: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement.
 
 Peterkin v. Jeffes,
 
 855 F.2d 1021, 1028-29 (3d Cir. 1988) (two hours per day of outdoor exercise not considered cruel and unusual punishment);
 
 Ruiz v. Estelle,
 
 679 F.2d 1115, 1152 (5th Cir.1982) (one hour of exercise per day upheld as not violating the Eighth Amendment). On the other hand, lack of exercise may be a constitutional violation if one’s muscles are allowed to atrophy or if an inmate’s health is threatened.
 
 French v. Owens,
 
 777 F.2d 1250, 1255 (7th Cir. 1985),
 
 cert. denied,
 
 479 U.S. 817, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986).
 

 Here Wishon did not suffer any injury or decline in health resulting from his limited out-of-cell exercise time. In addition to the guaranteed exercise and shower time, he also had the opportunity to be out of his cell for personal telephone calls twice a month, to receive visitors up to ten times a month for as long as six hours at a time, and to make legal calls when necessary. Prison records indicate that Wishon had not used all the recreation time available to him and that he had the opportunity to exercise within his cell. Finally, Wishon was assigned to protective segregation for his own safety and the limitations on out-of-cell time were necessary to ensure his safety and security. Based on these facts, we hold the district court correctly found that the limited out-of-cell recreation time afforded Wishon in protective segregation was not unconstitutional.
 

 UNSANITARY LIVING CONDITIONS AND CONTAMINATED FOOD
 

 Wishon argues that the district court erred in granting summary judgment in favor of appellees because genuine issues of material fact existed regarding the sanitary conditions of his cell. He claims that his cell was infested with spiders, cockroaches and other vermin and was cleaned neither properly nor frequently enough. He also alleges that routinely he was served cold food, often contaminated with foreign objects, in violation of his Eighth Amendment rights.
 

 To prevail on this issue, Wishon had to show that prison officials were deliberately indifferent to his cell conditions and dietary needs.
 
 See Wilson v. Seiter,
 
 — U.S. at —, 111 S.Ct. at 2327. Although prisoners are entitled to sanitary living conditions,
 
 Peterkin v. Jeffes,
 
 855 F.2d at 1025, no genuine issues of material fact existed in the present case to show that appellee prison officials were responsible for any of the unsanitary conditions in Wishon’s cell. The record indicates that the cells in PCUI were sprayed for pests every month and would be sprayed even more frequently on a prisoner’s request. In addition, prisoners were provided with cleaning supplies to clean their cells three times a week. Prison records further indicate that Wishon never utilized the opportunity to clean his own cell. The district court found that after viewing the evidence in the light most favorable to Wishon, the record did not support a finding that appellees were responsible for any unsanitary conditions which may have existed in Wishon’s cell. We agree.
 

 Granted, prisoners have a right to nutritionally adequate food,
 
 Shrader v. White,
 
 761 F.2d 975, at 986 (4th Cir.1985); however, Wishon has presented no evidence that the food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food. Therefore, we agree with the district court that appellee prison officials were entitled to judgment as a matter of law on his claims of unsanitary living conditions and contaminated food.
 

 EDUCATIONAL/VOCATIONAL OPPORTUNITIES
 

 Finally, Wishon argues that his equal protection rights under the Fourteenth Amendment were violated because appellees denied him access to educational and vocational opportunities in which inmates in the general population were al
 
 *450
 
 lowed to participate. Prisoners have no constitutional right to educational or vocational opportunities during incarceration,
 
 Spencer v. Snell,
 
 626 F.Supp. 1096, 1097 (E.D.Mo.),
 
 aff'd,
 
 786 F.2d 1171 (8th Cir. 1986); however, if the state provides educational or vocational opportunities to its prisoners, it cannot deny equal access to such services to all prisoners absent a rational basis. To prove an equal protection violation, Wishon had to show that he was treated differently from similarly situated inmates at MTCM and that there was no rational basis related to a legitimate state purpose for the unequal treatment.
 
 See McGowan v. Maryland,
 
 366 U.S. 420, 425, 81 S.Ct. 1101, 1104, 6 L.Ed.2d 393 (1961). Because he was assigned to PCUI which requires inmates to be on lock down status
 
 [5]
 
 the majority of each day for their safety and security, Wishon did not show that he was treated differently from other inmates who were similarly situated in the general population.
 
 Divers v. Department of Corrections,
 
 921 F.2d 191, 193-94 (8th Cir.1990);
 
 Flittie v. Solem,
 
 827 F.2d 276, 281 (8th Cir.1987). Moreover, PCUI inmates have access to self-study materials, college correspondence courses, and library materials. We agree with the district court that, viewing the evidence in the light most favorable to Wishon, appellees did not unconstitutionally deny Wishon the educational and vocational opportunities available to inmates in the general population.
 

 Accordingly, we affirm the judgment of the district court granting summary judgment in favor of appellees, and in denying appellant leave to file a sixth amended petition.
 

 [1]
 

 . The Honorable David D. Noce, Magistrate Judge, United States District Court for the Eastern District of Missouri.
 

 [2]
 

 . Wishon was transferred to the Farmington Correctional Center on June 16, 1992.
 

 [3]
 

 . James A. Gammon was substituted for Jimmie Jones on September 4, 1992, as a result of Jimmie Jones’ death in March 1992.
 

 [4]
 

 . The Eighth Amendment is applicable to the states through the Fourteenth Amendment.
 
 See Robinson v. California,
 
 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).
 

 [5]
 

 . Lock down status is used to limit the contact prisoners have with one another by locking each prisoner in his or her cell for most of the day.