2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Tony PERRY, Appellant,
v.
Charlie DESHAZER; Carl Calloway, Appellees.
 No. 92-3449.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 30, 1993.
Filed: August 3, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tony Perry, an inmate of the Arkansas Department of Correction (ADC), appeals from the district court's[1] order granting defendants' motion for summary judgment in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Perry was working in the prison kitchen when he slipped and fell. He filed this suit against ADC employees Charlie Deshazer and Carl Calloway, alleging that they violated his Eighth Amendment rights by denying him protective rubber boots that could have prevented his fall, by failing to insure that the kitchen floor was kept free from food and water spills, and by failing to order the use of protective rubber mats or warning signs. Defendants moved for summary judgment, attesting that rubber boots were available to Perry and that they had not denied him their use. They also attested that inmate workers were responsible for keeping the floor clean and rubber mats were not required or used. The district court accepted as true Perry's contention-reiterated in his sworn response-that defendants denied him rubber boots, but concluded that he had alleged negligence at most. The court thus granted defendants' motion and dismissed Perry's complaint.
 
 
 3
 We review a grant of summary judgment de novo. Wishon v. Gammon, 978 F.2d 446, 448 (8th Cir. 1992). We determine whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id. A factual dispute must be outcome-determinative to warrant denial of a summary judgment motion. Holloway v. Pigman, 884 F.2d 365, 366 (8th Cir. 1989).
 
 
 4
 We agree with the district court that, even assuming Perry's contentions are true, the facts do not rise to the level of an Eighth Amendment violation, because the claim sounds in negligence. See Hudson v. McMillian, 112 S. Ct. 995, 1000 (1992); Wilson v. Seiter, 111 S. Ct. 2321, 2324, 2327-28 (1991); see also Warren v. State, No. 92-3496, 1993 WL 177688 at * 1 (8th Cir. May 28, 1993) (inmate at most showed negligence where prison officials failed to equip inmate's saw with anti-kickback fingers, and a board kicked back from saw and broke inmate's wrist).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE GARNETT THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of The HONORABLE JOHN F. FORSTER, JR., United States Magistrate Judge for the Eastern District of Arkansas