70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald VAN HOORELBEKE, Plaintiff-Appellant,
v.
Kathleen M. HAWK, J.J. Clark, Bill Elliott, R. Thomas, John
W. Smith, Fred L. Crockett, Defendants-Appellees.
 No. 95-2291.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1995.*
Decided Nov. 9, 1995.
 
 Before CUMMINGS, Circuit Judge, KANNE, Circuit Judge, and ROVNER, Circuit Judge.
 
 ORDER
 
 1
 Gerald Van Hoorelbeke filed a Bivens[1] suit against various prison officials at the United States Penitentiary at Terre Haute. He claimed that his living conditions in the prison's segregation unit violated the rights guaranteed him by the Fifth, Eighth, and Thirteenth Amendments. Specifically, Van Hoorelbeke, who requested placement in segregation because he feared fellow inmates' retaliation for his testimony on behalf of the government, alleged a lack of medical care, a lack of recreation, a denial of due process, and subjection to involuntary servitude. The district court granted summary judgment for the defendants on all counts, and Van Hoorelbeke appealed.[2] We affirm.
 
 
 2
 We review a district court's grant of summary judgment de novo. Smith v. Shawnee Library System, 60 F.3d 317, 320 (7th Cir.1995). Summary judgment is appropriate when the district court determines from the pleadings, affidavits, and other submissions that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party must present more than mere speculation and conjecture to defeat a summary judgment motion, Karazanos v. Navistar Int'l Transp. Corp., 948 F.2d 332, 337 (7th Cir.1991); viewing the record in the light most favorable to the non-moving party, there must be evidence on which a jury could reasonably find for that party, Brownell v. Figel, 950 F.2d 1285, 1289 (7th Cir.1991).
 
 I. Medical Care
 
 3
 Van Hoorelbeke first claims that the prison officials denied him needed medical care in violation of his Eighth Amendment rights. On February 11, 1994, Van Hoorelbeke was placed in intensive care at a local hospital and diagnosed with diabetes. He claims that prison officials knew he needed medical treatment for a serious condition for the weeks preceding February 11 but failed to deliver such treatment.
 
 
 4
 The Eighth Amendment imposes upon prison officials a duty to maintain "humane conditions of confinement," including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). To establish an Eighth Amendment violation for denial of medical care, a plaintiff must show that 1) the alleged deprivation is sufficiently serious (constituting "a denial of 'the minimal civilized nature of life's necessities,' ") and 2) the officials acted with deliberate indifference to the inmate's health or safety. Id. at 1977 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "Deliberate indifference" means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 114 S.Ct. at 1979.
 
 
 5
 Not every complaint about medical care states a cause of action under the Eighth Amendment. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment," although it may provide the basis for a medical malpractice claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
 
 
 6
 Van Hoorelbeke indicates sufficiently that he had a serious medical need. He was placed in intensive care and diagnosed with diabetes, a potentially life-threatening condition. He does not, however, establish that the defendants' conduct rises to the level of deliberate indifference.
 
 
 7
 Van Hoorelbeke claims that he was denied necessary medical treatment, but he presents no evidence beyond his own statements. He states that he informed medical personnel of his symptoms and they refused to treat him. Medical records, however, show that during the period in question he was seen in the clinic three times: on January 18, 1994, for an "itchy scalp"; on January 20, 1994, for a refill of Sinequan; and on February 10, 1994 (the day before he entered the hospital) for epigastric burning. Records also show, and Van Hoorelbeke admits, that he was seen daily in his cell by a physician assistant. The fact that Van Hoorelbeke was suffering from an illness more severe than the ailments that medical personnel treated does not establish an Eighth Amendment violation. Negligence is not actionable under the Eighth Amendment. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir.1994); Estelle, 429 U.S. at 105-06. Even repeated acts of negligence do not constitute deliberate indifference. Sellers, 41 F.3d at 1102-03.
 
 
 8
 Furthermore, to be liable, an official must actually know of a substantial risk to the inmate's health. Farmer, 114 S.Ct. at 1979. Although Van Hoorelbeke presents copies of letters he sent to defendants Clark, Crockett, and Elliott, he makes no showing that defendants received such letters or had actual knowledge of Van Hoorelbeke's situation. Also, he presents no evidence that defendant Thomas was involved in any way in these events. Van Hoorelbeke does state that he personally told defendant Smith that he was in pain, but again, misdiagnosis or negligence may give rise to a medical malpractice claim, not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06.
 
 
 9
 Van Hoorelbeke also claims that he was denied necessary psychiatric treatment while in segregation. Again, he provides no support beyond his own statements. Weighed against medical records and affidavits of medical personnel asserting that Van Hoorelbeke was seen in the Psychiatric Clinic, and the fact that he must have received some treatment because, as he admits, he was prescribed the antidepressant drug Sinequan, his bare allegations create no genuine issue of fact. We find no Eighth Amendment violation.
 
 II. Recreation
 
 10
 Van Hoorelbeke's second Eighth Amendment claim alleges a denial of recreation. While he admits he was offered regular recreation opportunities, he claims he refused because he feared for his life if he had to associate with other inmates. He claims that forcing him to choose between no recreation or recreating with the general population amounted to a denial of recreation and cruel and unusual punishment.
 
 
 11
 It is the right to exercise, not recreation, that is protected by the Constitution. Although the "minimal civilized measure of life's necessities" includes exercise, French v. Owens, 777 F.2d 1250, 1255 (7th Cir.1985), cert. denied, 479 U.S. 817 (1986), the denial of exercise amounts to an Eighth Amendment violation only in situations in which "movement is denied and muscles are allowed to atrophy [and] the health of the individual is threatened." Id. Van Hoorelbeke does not allege he faced such an extreme situation. In Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988), the prisoner Harris, who was denied out-of-cell exercise while in segregation, claimed "he was given a Hobson's choice: either forgo his exercise rights or transfer to the general population where he could exercise." This Court concluded that he had not established an Eighth Amendment violation because he had not shown that he was denied all exercise, just time outside his cell. Id.
 
 
 12
 Similarly, Van Hoorelbeke has not shown that he was denied opportunities to exercise. In fact, unlike Harris, he was offered recreation time during which he could exercise, albeit time with other inmates. Like Harris, Van Hoorelbeke "claims only to have been deprived of yard or recreation time, not all exercise. In modern prisons the denial of recreation time may deprive inmates of many desirable, entertaining diversions the lack of which would not raise a constitutional issue." Id. Furthermore, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986). Because Van Hoorelbeke does not establish that these officials acted with deliberate indifference to his health in refusing to let him exercise alone,[3] his lack of out-of-cell exercise does not rise to the level of an Eighth Amendment violation. See also Wishon v. Gammon, 978 F.2d 446 (8th Cir.1992) (not unconstitutional to allow prisoner segregated for his own safety only limited exercise periods, especially when he did not use the entire time allowed).
 
 III. Segregation
 
 13
 Van Hoorelbeke claims that his due process rights have been violated because he has not received the mandated periodic reviews of his segregation status and because he has been kept in segregation indefinitely. These claims must also fail. On the issue of the reviews, summary judgment was appropriate because Van Hoorelbeke offers no evidence to counteract the defendants' documentary evidence of the weekly and monthly reviews of Van Hoorelbeke's status, other than his own allegations that the records are false. He claims that he needs discovery in order to prove his claims, but does not specify what materials he expects discovery to reveal or how they would help his case. The contention, however, is irrelevant, because Van Hoorelbeke's claim is legally insufficient.
 
 
 14
 When a plaintiff brings an action for procedural due process violations, he must show that the government deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. Wilson v. Formigoni, 42 F.3d 1060, 1065 (7th Cir.1994) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985)). It is well-settled that a prisoner's placement in administrative segregation does not involve a liberty interest protected independently by the Due Process Clause, Hewitt v. Helms, 459 U.S. 460, 468 (1983), because confinement in administrative segregation is "well within the terms of confinement ordinarily contemplated by a prison sentence." Id. See Smith v. Shettle, 946 F.2d 1250, 1252 (7th Cir.1991) ("a prisoner has no natural liberty to mingle with the general prison population"). Instead, Van Hoorelbeke attempts to invoke a liberty interest created by Bureau of Prison regulations that mandate periodic reviews. This argument is negated by the recent Supreme Court case of Sandin v. Conner, 115 S.Ct. 2293 (1995), which shifts the creation of liberty interests away from the language of regulations and toward the nature of the deprivation a prisoner suffers.
 
 
 15
 Under Sandin, there is no liberty interest absent an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 2300. Van Hoorelbeke suffered no hardship: he admits that he was in segregation at his own request, and he most likely (given the fear he has expressed of mingling with the general population) would have stayed in segregation whether or not he received monthly reviews. As the Supreme Court noted in Sandin, "Conner's own expectations have at times reflected a personal preference for the quietude of the Special Holding Unit. Although we do not think a prisoner's subjective expectations dispositive of the liberty interest analysis, it does provide some evidence that the conditions suffered were expected within the contour of the actual sentence imposed." Id. at 2301 n. 9. Because the treatment accorded Van Hoorelbeke falls within the sentence imposed upon him, we find no liberty interest and, therefore, no violation of due process.
 
 
 16
 Van Hoorelbeke also claims that it violates his Fifth Amendment rights to hold him in segregation indefinitely. The Due Process Clause itself protects a prisoner only against " 'consequences visited on the prisoner that are qualitatively different from the punishment characteristically suffered by a person convicted of crime.' " Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (quoting Vitek v. Jones, 445 U.S. 480, 493 (1980)); see Sandin, 115 S.Ct. at 2298. A prisoner's confinement in administrative segregation, even for an unspecified period, does not violate the Due Process Clause. Hewitt, 459 U.S. at 468; Meriwether v. Faulkner, 821 F.2d 408, 414 (7th Cir.1987), cert. denied, 484 U.S. 935 (1987). We recognize that "administrative segregation may not be used as a pretext for indefinite confinement of an inmate," Hewitt, 459 U.S. at 477 n. 9, but we find no evidence of pretext in Van Hoorelbeke's situation, where he himself has requested protective segregation. While Van Hoorelbeke would like to be placed in surroundings less violent than a penitentiary, where he could join the general population, he has no constitutional right to be placed in a particular facility. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Absent a constitutional violation, we defer to prison administrators in matters connected with the everyday operation of prisons. See Sandin, 115 S.Ct. at 2299.
 
 IV. Involuntary Servitude
 
 17
 Finally, Van Hoorelbeke claims a violation of the Thirteenth Amendment because he, by being locked into his cell and forced to rely upon the prison staff for his medical treatment, "in essence was a 'slave' to the staffs [sic] wishes because he had no choice in the matter at hand." Appellant's Brief at 8. Van Hoorelbeke cannot succeed with this argument. Even assuming, which we do not, that Van Hoorelbeke's injury is a type recognized by the Thirteenth Amendment, prisoners are explicitly excepted from that amendment's protection. U.S. Const. Amend. XIII; see also Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir.1992) ("The Thirteenth Amendment excludes convicted criminals from the prohibition of involuntary servitude."), cert. denied, 113 S.Ct. 1303 (1993). Thus, Van Hoorelbeke has no rights under the Thirteenth Amendment and cannot claim any violation.
 
 
 18
 The district court's grant of summary judgment for the defendants is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record
 
 
 [1]
 See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 Defendant Hawk was granted summary judgment separately due to lack of personal jurisdiction. The appellant does not appeal that decision
 
 
 [3]
 The record does not reveal whether these defendants even knew that the reason Van Hoorelbeke constantly refused recreation was his fear of associating with other inmates. Further, there is no definite indication that Van Hoorelbeke's fear was realistic or that these defendants had warning that it was realistic, because Van Hoorelbeke entered segregation the day he arrived at the prison