**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONNELL JOSEPH,

        Plaintiff-Appellant,

v.

UNITED STATES FEDERAL
BUREAU OF PRISONS, DWAYNE
ROBERT ROBERSON, JUANITA
ANTONIA MCCULLEY,

        Defendants-Appellees.

No. 00-1208

D. Colo.

(D.C. No. 98-M-2068)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **LUCERO** , Circuit Judges. **

        Mr. Joseph, an inmate in federal prison in Colorado, filed a pro se civil

rights complaint under 42 U.S.C. § 1983, that asserts several claims, which can

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

grouped into four categories: (1) He was sexually harassed by Defendant Juanita McCulley, a secretary in the education department where Mr. Joseph worked, in violation of his Eighth Amendment right to be free from cruel and unusual punishment and in violation of his Fifth Amendment right to equal protection; (2) the Defendants unlawfully retaliated against Mr. Joseph by (a) terminating him from his job in the education department, (b) removing him from the prison GED program, (c) denying him access to the law library and (4) classifying him as in the "red card" high-visibility program; (3) the district court abused its discretion when it refused to allow Mr. Joseph to amend his complaint; and (4) the district court abused its discretion when it refused to appoint counsel for Mr. Joseph.

In his report and recommendation, the magistrate judge determined that the Bureau of Prisons was immune from suit, as were the individual Defendants in their official capacities. The magistrate judge therefore recommended that the claims against the Bureau of Prisons and the individual Defendants in their official capacities be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject jurisdiction. The magistrate judge also recommended that the claims against the individual Defendants in their individual capacities be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

# I. DISCUSSION

We review de novo a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject jurisdiction. See Redmon ex rel. Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir. 1991). We also review de novo a district court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. See Bauchman ex rel. Bauchman v. West High Sch., 132 F.3d 542, 550 (10th Cir. 1997). We construe the pleadings and papers of a pro se appellant liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

## A. Sexual Harassment

Mr. Joseph asserted that Ms. McCulley violated his Eighth Amendment rights by subjecting him to sexual harassment: She allegedly touched him several times in a suggestive manner and exposed her breasts to him. "As a threshold matter of law, we must first decide whether [Mr. Joseph] could have suffered, at the hands of corrections officials, any deprivation of his constitutional rights under the due process clause of the Fourteenth Amendment and the cruel and unusual punishments clause of the Eighth Amendment." Harris by and through Harris v. Maynard, 843 F.2d 414, 415 (10th Cir. 1988).

"We agree . . . that an inmate has a constitutional right to be secure in h[is] bodily integrity and free from attack by prison guards." Hovater v. Robinson, 1 F.3d 1063, 1068 (10th Cir. 1993). Further, "because the sexual harassment or

-3-

abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain,'" that is forbidden by the Eighth Amendment. Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)) (internal quotation marks omitted)); see also Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998) (recognizing inmates' sexual harassment allegations may be sufficiently serious to state a claim under the Eighth Amendment). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." Freitas, 109 F.3d at 1338 (citing Hudson v. McMillian, 503 U.S. 1, 8 (1992)).

We agree with the district court that the alleged instances of sexual harassment were not "objectively, sufficiently serious" to demonstrate a use of force of a constitutional magnitude. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). See also, Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997) (noting that sexual abuse by a corrections officer may be cognizable as a violation of a prisoner's Eighth Amendment rights, but ultimately holding that the circumstances alleged by the plaintiff were not "severe

enough to be objectively, sufficiently serious") (internal quotation marks omitted). In addition, there is no evidence of deliberate indifference on the part of the Defendants. Cf. Barney, 143 F.3d at 1310 (noting that inmates failed to show deliberate indifference). Finally, as to Mr. Joseph's claim that the unwanted touching caused him emotional distress and violated the Eighth Amendment, the claim is insufficient to implicate the Eighth Amendment.

**B. Retaliation**

With respect to plaintiff's retaliation claims, Mr. Joseph must demonstrate that the various disciplinary actions were taken because of the exercise of his constitutional rights. See Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). Mr. Joseph claims that the denial of access to the prison law library, his loss of his prison job, his expulsion from the GED program, and his classification as a "red card" high-visibility prisoner for escapees, sexual deviants, and sexual stalkers violated his Fifth Amendment rights to equal protection, his First Amendment rights, and his Eighth Amendment right to be free from cruel and unusual punishment.

In Craig v. Eberly, 164 F.3d 490 (10th Cir. 1998), we summarized the applicable standards for constitutional challenges to prison conditions:

> [J]ail officials [must] provide humane conditions of confinement by ensuring [that] inmates receive the basic necessities of adequate food,

clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety. To hold a jailer personally liable for violating an inmate's right to humane conditions of confinement, a plaintiff must satisfy two requirements, consisting of an objective and subjective component.

The objective component requires that the alleged deprivation be sufficiently serious. . . . [J]ail conditions may be restrictive and even harsh without violating constitutional rights. Indeed, only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form
the basis of an Eighth Amendment violation. This inquiry turns not only on the severity of the alleged deprivations, but also on their duration.

Id. at 495 (internal quotation marks and citations omitted).

### 1. Loss of Job and Expulsion from the GED Program

As to Mr. Joseph's loss of his job and expulsion from the GED program, "[p]risoners have no constitutional right to educational or vocational opportunities during incarceration." Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992); see also Templeman v. Gunter, 16 F.3d 367, 370 (10th Cir. 1994) (stating that "[w]ithout . . . a statute [entitling a prisoner to a prison job], prisoners do not have a constitutional right to employment"). Mr. Joseph states no Eighth Amendment claim.

As to his equal protection claim, "if the state provides educational or vocational opportunities to its prisoners, it cannot deny equal access to such services to all prisoners absent a rational basis." Wishon, 978 F.2d at 449; see also Barney, 143 F.3d at 1312 n.15 ("The Equal Protection Clause in the prison-conditions context is usually invoked to remedy disparities in educational,

-6-

vocational, and recreational programs offered to male and female inmates.") (citation omitted). There is no evidence that Mr. Joseph was treated differently from other inmates who were similarly situated. Mr. Joseph's equal protection claim also fails.

### 2. Access to Law Library

As to the denial of access to the law library, to state a cognizable claim under Lewis v. Casey, 518 U.S. 343 (1996), Mr. Joseph had to demonstrate an actual injury that hindered his effort to pursue a nonfrivolous legal claim. See id. at 351-53. There is no allegation that Mr. Joseph's ability to litigate this claim or any others have been diminished as a result of the denial of access. In addition, Mr. Joseph points to only one request for law library services. Mr. Joseph's allegations of constitutional deprivations in this regard are unsubstantial.

### 3. "Red Card" Status

The Constitution does not entitle an inmate to any particular degree of liberty in prison; thus, changes to an inmate's prison classification do not involve deprivations of liberty. See Templeman, 16 F.3d at 369. Mr. Joseph's classification on "red card" status amounts to a security classification decision, analogous to a transfer to administrative segregation resulting from disciplinary violations. See id.

Although a state may create liberty interests that are protected by the Due

Process Clause, such interests

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted).  Moreover, our review of the record fails to reveal the imposition of the "atypical and significant hardship" contemplated by Sandin or procedural irregularities leading to his classification on red-card status placement in administrative segregation. Under these circumstances, there was no violation of Mr. Joseph's due process rights. Nor were his First Amendment or equal protection rights affected.  Mr. Joseph has failed to allege or show harm that he has suffered by being placed on red-card status or that similarly situated individuals of different races were treated differently.  See Powells v. Minnehaha County Sheriff Dep't, 198 F.3d 711, 712 (8th Cir. 1999).

**C. Appointment of Counsel**

Mr. Joseph argues the district court erred in denying his motion to appoint counsel.  "We review the denial of appointment of counsel in a civil case for an abuse of discretion."  Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995). In considering whether to appoint counsel, the factors the district court should consider include "'the merits of the litigant's claims, the nature of the factual

issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" Id. at 979 (quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir.1991)). After careful review of the record, we conclude the district court did not abuse its discretion in denying Mr. Joseph's motion to appoint counsel.

**D. Motion to Amend Complaint**

We review the district court's denial of a motion to amend a complaint for an abuse of discretion. See Lambertsen v. Utah Dep't of Corrections, 79 F.3d 1024, 1029 (10th Cir.1996). The magistrate judge noted that Mr. Joseph offered no new facts to include in his complaint to cure any deficiencies and that he did not tender an amended complaint to the court. The district court did not abuse its discretion in denying Mr. Joseph's motion to amend.

II. CONCLUSION

For the foregoing reasons, we affirm the district court's order granting the Defendants' motion to dismiss and we deny Mr. Joseph's motion to proceed in forma pauperis.

Entered for the Court,


Robert H. Henry
Circuit Judge