**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-7076**

———————————

TONEY RECOE KING,

               Plaintiff – Appellant,

     v.

ROBERT C. LEWIS; ROBERT COOPER; PATRICK CHILDRESS; NORTH
CAROLINA DEPARTMENT OF CORRECTION,

               Defendants – Appellees.

———————————

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Graham C. Mullen,
Senior District Judge.   (1:09-cv-00165-GCM)

———————————

Submitted:  December 4, 2009     Decided:  December 31, 2009

———————————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Toney Recoe King, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toney Recoe King appeals from the district court order dismissing, for failure to state a claim, his complaint in which he alleged that he was provided insufficient food at the Avery Mitchell Correctional Institution, in violation of 42 U.S.C. § 1983 (2006). We find that King's complaint survives 28 U.S.C. § 1915A (2006) review and therefore vacate the district court's order and remand for further proceedings.

A pro se litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Construing the complaint liberally, see De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003), King alleged that the food served at each meal was inadequate in both quantity and nutritional standards. He asserted that the "vegetables served only add up to less than two (2) teaspoonful, eggs served during breakfast add up to even less; meats served is often less than two (2) ounces. Most meals would not add up to six (6) ounces total." King also asserted that the prison used access to food as a punishment by limiting canteen purchases for inmates who violate prison rules. Additionally, he asserts that he suffers more than "fortunate prisoners" because he cannot afford to

2

purchase food items from the canteen to supplement the inadequate food provided at meals.

Allegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim, see Bolding v. Holshouser, 575 F.2d 461 (4th Cir. 1978), so long as the deprivation is serious and the defendant is deliberately indifferent to the need. Wilson v. Seiter, 501 U.S. 294 (1991). Here, the basis of King's complaint is that the prison serves nutritionally inadequate food portions and that he suffered "physically due to periodic pain associated with hunger" and "mentally because [he] cannot focus on his rehabilitation he must continue to worry about food or the lack there of."

We find that, liberally construing King's complaint, these allegations are sufficient to survive the initial review under § 1915A. See De'Lonta, 330 F.3d at 633; see also Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (suggesting that to state Eighth Amendment claim inmate must allege "he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet"); Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996) (prisoner stated a cause of action under the Eighth Amendment by claiming "not just 'ransid food' [sic], but also a 'nutritionally deficient' diet"); Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992)

3

(holding that prisoners have the right to nutritionally adequate food); Rust v. Grammer, 858 F.2d 411, 414 (8th Cir. 1988) (diet without fruits and vegetables might violate Eighth Amendment if it were regular prison diet).

Liberally construing the complaint, we find that King may be able to prove sufficient facts to support his Eighth Amendment claim, Gordon, 574 F.2d at 1151, and thus conclude that dismissal prior to a response from the Defendants was premature.* We therefore vacate the district court's dismissal order and remand this case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

\* We express no opinion as to the ultimate disposition of this claim.