UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-7679

LEE O. WILSON, JR.,

                Plaintiff - Appellant,

        v.

GENE M. JOHNSON, Director of VDOC; J.S. GARMAN, Warden of
St. Brides C.C.; V.S. ESCALAR, Food Service Supervisor;
DAVID ROBINSON, Regional Director; GARY BASS, Supervisor
(C.C.S.); WENDELL W. PIXLEY, Warden; MS. TAYLOR, TPS;
COURTNEY SCHERER, Institutional Ombudsman; S. RIDDICK,
Institutional Ombudsman; MARK ENGELKE, Head of Food Service;
WENDY BROWN, Court and Legal Supervisor,

                Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Leonie M. Brinkema,
District Judge. (1:09-cv-00334-LMB-TRJ)

Submitted:  June 8, 2010          Decided:  June 25, 2010

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

Lee O. Wilson, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lee O. Wilson appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint under 28 U.S.C. § 1915A(b) (2006). We have reviewed the record and, while we find that the dismissal of Wilson's claim that he was served inadequate food portions was premature, we find no reversible error as to the remainder of the district court's opinion. Accordingly, with the exception of the claim concerning the adequacy of the food, we affirm for the reasons stated by the district court. Wilson v. Johnson, No. 1:09-cv-00334-LMB-TRJ (E.D. Va. Aug. 26, 2009).

As to the adequacy of the food claim, Wilson alleged that the food service staff at the St. Brides Correctional Center was not providing food portions according to the Federal Standards. He contends that the "minute portions" allotted are well below the 2750 to 3000 calories required. Wilson asserted that in one month — between December 10, 2008, and January 13, 2009 — he lost twelve pounds, reducing his weight from 217 pounds to 205 pounds.

A pro se litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

2

Allegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim, see Bolding v. Holshouser, 575 F.2d 461 (4th Cir. 1978), so long as the deprivation is serious and the defendant is deliberately indifferent to the need. Wilson v. Seiter, 501 U.S. 294 (1991). Here, the basis of Wilson's complaint is that the prison serves inadequate food portions and that he suffered physically by losing weight and experiencing stress as a result of being underfed on a daily basis.

We find that, liberally construing Wilson's complaint, these allegations are sufficient to survive the initial review under § 1915A. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003); see also Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999) (suggesting that, to state Eighth Amendment claim inmate must allege "he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet"); Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (holding that prisoners have the right to nutritionally adequate food); Rust v. Grammer, 858 F.2d 411, 414 (8th Cir. 1988) (diet without fruits and vegetables might violate Eighth Amendment if it were regular prison diet). Because Wilson may be able to prove sufficient facts to support his Eighth Amendment claim,

<u>Gordon</u>, 574 F.2d at 1151, we conclude that dismissal of this claim prior to a response from the Defendants was premature.[*]

We therefore vacate the district court's dismissal of Wilson's inadequate food claim and remand this case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>

---

[*] We express no opinion as to the ultimate disposition of this claim.

4