Kurt B. KNIGHT, William C. Andrews, Appellants,

v.

William ARMONTROUT, Appellee.

No. 88–1932.

United States Court of Appeals, Eighth Circuit.

Submitted June 21, 1989.

Decided June 30, 1989.

Rehearing and Rehearing En Banc Denied Aug. 17, 1989.

Kurt B. Knight, pro se.

William C. Andrews, pro se.

Jeffrey Dix, Jefferson City, Mo., for appellee.

Before FAGG, Circuit Judge,
HEANEY, and HENLEY, Senior
Circuit Judges.

HEANEY, Senior Circuit Judge.

Kurt B. Knight and William Andrews, Missouri state prisoners, appeal pro se from the district court's order granting appellee's prison officials summary judgment in appellants' 42 U.S.C. § 1983 action. Appellants claim their due process and eighth amendment rights were violated when they were retained in punitive detention for thirteen days beyond their ten-day sentence for a conduct violation. We affirm.

On March 12, 1986, appellants, who shared a cell at the Missouri State Penitentiary for Men, each were charged with a conduct violation when a knife-type weapon was found in their cell. On March 14, 1986, appellants appeared before the adjustment committee and were each found guilty and sentenced to ten days punitive detention in a special punitive section of housing unit 5A with three days credit for time served. While in punitive detention, appellants appeared at a hearing before the Special Management Facility Classification Committee, and were reassigned from their prepunitive status to administrative segregation in the Special Management Facility (SMF), Level I, in housing unit 5C, after they completed their punitive detention. At the end of the ten-day detention, because there were apparently no beds available in unit 5C, appellants were kept in the punitive detention section in unit 5A for thirteen additional days.

Appellants filed the instant action against William Armontrout, Warden, claiming they were denied due process in the assignment to and prolongation of their detention, and that their eighth amendment rights were violated. They sought punitive and actual damages. Appellants subsequently amended their complaint adding other prison officials as defendants, claiming these officials conspired to deprive appellants of due process and equal protection.

Appellants filed four affidavits from other inmates stating that appellants had made several requests to see a doctor which went unanswered, did not receive recreation, and did not have access to laundry facilities while they were housed in unit 5A beyond their disciplinary sentence.

Appellee filed a motion for summary judgment and asserted the additional thirteen days detention in unit 5A was administrative segregation, not punitive segregation, and was justified because of the lack of available beds in unit 5C. By affidavit appellee asserted appellants could have received clean laundry, writing materials and medical attention had they requested such from the officer in charge of unit 5A. The medical log submitted by appellees indicated appellants only once requested medication and that they received it on the same day, April 2, 1986. Appellees argued the denial of five or six hours of recreation while in unit 5A [1] did not rise to an eighth amendment violation. Finally, appellees contended the conspiracy claim was purely conclusory and not supported by facts.

Appellants also filed a motion for summary judgment. They asserted there was sufficient evidence of a conspiracy to deprive them of due process. They also claimed they were not given notice of the conduct upon which the classification decision would be based, or prior notice of the date of the classification hearing. They incorporated the previously submitted affidavits to support their claim of deprivation of services during their extended detention.

1. In Level I of SMF, inmates receive one hour of recreation every other day, whereas in punitive detention, inmates receive no recreation.

The magistrate, concluding the regulations did not create a liberty or property interest which is entitled to protection under the due process clause, and the conditions of confinement did not involve "unnecessary and wanton infliction of pain," recommended denying appellants' summary judgment motion.

As to appellees' motion for summary judgment, the magistrate found appellants' prolonged detention in unit 5A was a proper form of administrative segregation, and the eighth amendment issues had been litigated previously in a class action, *Tyler v. Black*, 811 F.2d 424 (8th Cir.1987), *adopted in relevant part*, 865 F.2d 181 (8th Cir. 1989) (en banc). Nevertheless, the magistrate found that there was no factual dispute regarding the conditions of confinement and that the lack of recreation did not rise to a constitutional violation. Finally, the magistrate concluded appellants did not provide sufficient facts of a conspiracy, and recommended granting appellees summary judgment. The district court adopted the magistrate's recommendations.

On appeal, appellants argue the district court erred in not giving appellants a jury trial, not awarding at least nominal damages for denial of recreation, not granting appellants' motion for default judgment, and granting appellees summary judgment when the affidavits submitted by appellants presented disputed facts.

A.  Due Process

■  We have reviewed the prison regulations controlling the placement of inmates from the general population into administrative segregation, Missouri State Penitentiary Regulation 20–212.040, and conclude in disagreement with the district court they *do* create a protectible liberty interest. The regulations set forth in what circumstances inmates are temporarily placed in administrative segregation, Regulation 20–212.040(7); and the length and condition of that segregation, Regulation 20–212.040(10). They also provide for periodic reviews and specific procedures to be followed. Regulations 20–212.040(9) and (11).

The regulations contain "particularized substantive standards or criteria to guide the exercise of discretion by penitentiary officials." *Clark v. Brewer*, 776 F.2d 226, 230 (8th Cir.1985); *see also Hewitt v. Helms*, 459 U.S. 460, 471–72, 103 S.Ct. 864, 871–72, 74 L.Ed.2d 675 (1983). In addition the regulations contain language of a mandatory nature, e.g., shall, will, must. *See Clark*, 776 F.2d at 230.

■  Because appellants have a protectible liberty interest we examine the process provided to them, and conclude they were not denied due process. Appellants received a hearing before their commitment to punitive detention, and then appeared before the Special Management Facility Classification Committee for another hearing before their placement in administrative segregation. In addition, during their short thirteen day detention in housing unit 5A, appellants received the periodic informal reviews that they would have received had they been transferred to unit 5C. Although the regulations provide for informal weekly reviews by the unit staff member of Level I inmates, Regulation 20–212.-040(10)(A), the regulations for SMF do not provide for inmates to appear at the unit level reviews. The inmate is only entitled to be present when the committee meets for initial transfers or considers new evidence. Regulations 20–212.040(8)(B)(2) and 20–212.040(12). No due process violation is evident. Furthermore, we find no deprivation of due process in the fact that appellants were held for an additional thirteen days in unit 5A because they were given substantially the same privileges in unit 5A that they would have received in unit 5C.

B.  Remaining Claims

Although it is apparent from the magistrate's report that he did not consider as part of appellants' motion for summary judgment the affidavits previously submitted from other inmates concerning the conditions of unit 5A confinement, we have reviewed these affidavits and conclude they do not establish a factual dispute.

■  With respect to the lack of recreation, appellees argue that even if appellants

did not receive recreation during the thirteen days in question, this did not constitute cruel and unusual punishment. Denial of recreation for a short period, per se, is not a constitutional violation. *See Rust v. Grammer,* 858 F.2d 411, 414 (8th Cir.1988) (suspension of yard privileges for thirteen days during lockdown does not violate eighth amendment); *Leonard v. Norris,* 797 F.2d 683, 685 (8th Cir.1986) (no out-of-cell exercise for fifteen days in punitive confinement not unconstitutional). *But see Campbell v. Cauthron,* 623 F.2d 503, 507 (8th Cir.1980) (pretrial detainee entitled to one hour of exercise for every sixteen hours in cramped cell).

■ It is "obduracy and wantonness" and conduct which involves more than ordinary lack of due care for a prisoner's interest or safety that characterizes conduct prohibited by the cruel and unusual punishment clause. *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). In sum, the conditions of appellants' continued confinement in unit 5A does not rise to an eighth amendment violation under the facts of this case. Neither do we find deliberate indifference to appellants' medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

Appellants' contention that there was sufficient evidence of a conspiracy is without merit. To support their claim, appellants asserted in conclusory statements that the various defendants "used their office invidiously to deprive" appellants of their constitutional rights. We conclude the allegations of conspiracy were insufficient to suggest a "meeting of the minds." *See Smith v. Bacon,* 699 F.2d 434, 436 (8th Cir.1983) (per curiam).

Finally, we have reviewed appellants' claims that the district court erred in not granting them a default judgment, affording them a jury trial, or appointing them counsel, and conclude they are without merit.

Accordingly, we affirm.