980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Willie McCELLAN, Appellant,
v.
Denis DOWD; Kenneth J. Kluver; Arnold Dement; Joseph
O'Compo; Daniel Henry, Appellees.
 No. 92-2028.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 6, 1992.
Filed: December 1, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie McCellan appeals the magistrate judge's[1] order granting summary judgment to defendants on his 42 U.S.C. § 1983 complaint in which he alleged that defendants violated his constitutional rights by placing him in disciplinary and administrative segregation due to a lack of bed space, depriving him of adequate medical care, depriving him of access to legal materials, and placing him in a double cell without his consent. We affirm.
 
 
 2
 We review de novo a district court's grant of summary judgment. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). We recognize that, under Mo. Rev. Stat. § 217.375 (1989), inmates have a state-created liberty interest in remaining in the general population. See Knight v. Armontrout, 878 F.2d 1093, 1095 (8th Cir. 1989); Howard v. Armontrout, 729 S.W.2d 547, 549 (Mo. Ct. App. 1987) (per curiam). The magistrate judge properly concluded, however, that McCellan's "placement in administrative segregation was warranted for the security and good order of the institution and to prevent a security risk." The defendants' depositions show that they felt placing McCellan in general population upon his arrival at Farmington Correctional Center would create a security risk due to overcrowding and lack of adequate supervision. McCellan does not contend that he was placed in administrative segregation for punitive purposes. See Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir. 1992) ("[a]bsent a showing of an expressed intent to punish by the prison officials, whether an inmate is segregated for 'punitive' reasons or for administrative purposes generally will turn on whether the detention is reasonably related to a legitimate government objective"). In addition, once an inmate is assigned to an administrative unit, no liberty interest exists to be assigned to a specific level of security within the unit. See Sanders v. Woodruff, 908 F.2d 310, 313 (8th Cir.), cert. denied, 111 S. Ct. 525 (1990); see also Stringfellow v. Perry, 869 F.2d 1140, 1143 (8th Cir. 1989) (while inmate may be subjected to conditions of confinement more stringent than those afforded general population inmates, that alone does not amount to a constitutional violation); Abernathy v. Perry, 869 F.2d 1146, 1149 (8th Cir. 1989) (same).
 
 
 3
 McCellan's claim that defendants violated the same liberty interest by forcing him to remain in administrative segregation for more than ten days also fails. Section 217.375.1 provided that an inmate could not be placed in disciplinary segregation for rule violations for more than ten days. McCellan, however, was assigned to administrative segregation under section 217.375.2, which did not contain the same limitation. Therefore, despite the fact that McCellan did not receive the same privileges as the inmates in general population, defendants did not violate McCellan's liberty interest by failing to return him to general population within ten days. Cf. Stringfellow, 869 F.2d at 1143; Abernathy, 869 F.2d at 1149.
 
 
 4
 McCellan's claim regarding double celling without his consent also fails. Double celling is cruel and unusual punishment only if it involves the "wanton and unnecessary infliction of pain, [leads] to deprivations of essential food, medical care, or sanitation, or if it increase[s] violence among inmates or create[s] other conditions intolerable for prison confinement." Cody v. Hilliard, 830 F.2d 912, 914 (8th Cir. 1987) (citations omitted), cert. denied, 485 U.S. 906 (1988). McCellan has not alleged any of the above. The prison regulations only prohibit double celling of inmates without consent in disciplinary segregation. There is no such prohibition for inmates in administrative segregation.
 
 
 5
 We conclude the remainder of McCellan's claims are meritless. McCellan failed to allege any facts linking these defendants to the possible diversion of his legal correspondence; McCellan failed to produce any evidence of deliberate indifference to his serious medical needs; McCellan failed to produce any evidence that he was not provided with a bed; and all claims against defendant Dowd fail because he cannot be held liable on a theory of respondeat superior.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States Magistrate Judge for the Eastern District of Missouri, now United States District Judge, who entered final judgment with the consent of the parties under 28 U.S.C. § 636(c)