**Elenor Joyce Whittaker GAY, Appellant,**

v.

**William F. TURNER, Lawrence Bax, Liz Hamlin, Ted Haslag, Carolyn Bax, Appellees.**

No. 92–2092.

United States Court of Appeals, Eighth Circuit.

Submitted April 23, 1993.

Decided April 28, 1993.

Rehearing Denied May 27, 1993.

Sue Phillips, Kansas City, MO, for appellant.

June Striegel Doughty, Asst. Atty. Gen., Jefferson City, MO, for appellee.

Before FAGG, BEAM, and HANSEN, Circuit Judges.

PER CURIAM.

Elenor Gay, a Missouri inmate, appeals from the magistrate judge's[1] grant of summary judgment on Counts II and IV of her 42 U.S.C. § 1983 action. We affirm.

Gay alleged in Count II that she was involuntarily detained at Fulton State Hospital (FSH) on five occasions from 1981 to 1986, in violation of due process and state law. In Count IV, Gay alleged that, beginning in 1980, defendants forcibly injected her with antipsychotic drugs in violation of due process. Gay requested money damages.

The magistrate judge held that Gay's transfers to FSH for the purposes of evaluation, pursuant to state statute, did not violate the due process requirements set forth in *Vitek v. Jones,* 445 U.S. 480, 493, 100 S.Ct. 1254, 1263, 63 L.Ed.2d 552 (1980). The magistrate judge further held that defendants were entitled to qualified immunity regarding Gay's claims of involuntary administration of antipsychotic drugs. Gay argues on appeal that her transfers to FSH were for treatment and that *Vitek* clearly established a prisoner's due process rights to notice and a hearing before transfer to a mental hospital for treatment. Gay also argues that factual issues existed as to whether defendant William Turner, Superintendent at Renz Correctional Center (RCC), had reasonable cause to believe she was in need of care in a mental hospital and whether she had signed two voluntary commitment applications while at FSH. Gay further argues that the law was clearly established that forcible treatment of patients with antipsychotic drugs required *Vitek* procedural protections.

 Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In order to create a "genuine issue of material fact," a nonmoving party must set forth specific facts and present affirmative evidence showing

---

1. The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

there is a genuine issue of material fact for trial. *See* Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Gay's assertion that she did not sign the two voluntary commitment applications does not create a material fact issue. She does not assert that defendants submitted falsified records or forced her to sign the applications. Gay did not support her assertion that Turner did not have reasonable cause to believe she was in need of care in a mental hospital, while Turner submitted records in support of his decision to recommend her for transfer to FSH. These records detailed Gay's attacks on guards and other inmates and her refusal to eat and bathe.

■ We conclude that defendants Turner and Barbara Cartee were entitled to judgment as a matter of law on Count II. Cartee had no involvement in Gay's transfers to FSH. Turner recommended Gay be temporarily transferred to FSH pursuant to state statute. *See* Mo.Rev.Stat. § 552.050 (1986). The temporary transfers in the present case were unlike the indefinite commitment in *Vitek* and did not constitute a major change in the conditions of confinement amounting to a grievous loss to Gay, which would require the *Vitek* procedural protections. *See Vitek,* 445 U.S. at 492, 100 S.Ct. at 1263. *See also Trapnell v. Ralston,* 819 F.2d 182, 185 (8th Cir.1987) (*Vitek* safeguards not required for forty-eight hour housing in psychiatric ward).

■ We further conclude that defendants are entitled to qualified immunity on Count IV. Government officials are entitled to qualified immunity when sued personally unless they have violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). To be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

■ In a 1990 decision, the Supreme Court recognized that an inmate "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment," and addressed what procedural protections are necessary to protect that interest. *Washington v. Harper,* 494 U.S. 210, 220–22, 227–35, 110 S.Ct. 1028, 1036, 1040–44, 108 L.Ed.2d 178 (1990); *see also United States v. Watson,* 893 F.2d 970, 977 (8th Cir.) (recognizing liberty interest in refusing psychotropic medications), *cert. denied,* 497 U.S. 1006, 110 S.Ct. 3243, 111 L.Ed.2d 754 (1990). The record indicates that forced medications were administered to Gay several times from 1980 to 1987. Thus, at the times defendants acted, the contours of the right were not sufficiently clear that defendants reasonably would have understood that their actions violated Gay's rights. *See Williams v. Anderson,* 959 F.2d 1411, 1416–17 (7th Cir.1992).

Accordingly, we affirm.