26 F.3d 126
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Samuel Lee LOCKETT, Jr., Appellant,
v.
IOWA MEN'S REFORMATORY; Steve Behrends, Security Director;
Larry Brimeyer, (A.L.J.) and Grievance Officer; Jerry
Monerarch, (sic), Boss of all Counselors and a Grievance
Officer second to Mr. Brimeyer, Appellees.
 No. 92-3255.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1994.
Filed: May 20, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Samuel Lee Lockett, Jr., an Iowa inmate, filed this action against the Iowa Men's Reformatory (IMR) and three IMR officials alleging that defendants violated his Eighth Amendment and due process rights by depriving him of exercise for eight days because of his misconduct while on disciplinary detention status. The district court[1] dismissed the complaint as frivolous under 28 U.S.C. Sec. 1915(d), citing Leonard v. Norris, 797 F.2d 683, 685 (8th Cir. 1986) (prison policy eliminating out-of-cell exercise during first fifteen days of punitive confinement is not cruel and unusual punishment). Lockett appeals. We affirm.
 
 
 2
 The district court may dismiss an in forma pauperis action under Sec. 1915(d) if it is legally frivolous, that is, if the claims lack "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). We review a Sec. 1915(d) dismissal for abuse of discretion. See Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992).
 
 
 3
 We conclude that the district court did not abuse its discretion in dismissing Lockett's claims. His Eighth Amendment claim is legally frivolous because it is well settled that deprivation of exercise privileges for even longer than eight days is not cruel and unusual punishment. See Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989) (denial of recreation for thirteen days); Rust v. Grammer, 858 F.2d 411, 413-14 (8th Cir. 1988) (suspension of yard privileges for thirteen days) (both citing Leonard v. Norris ). Lockett's due process claim is legally frivolous because he relies upon institutional policies relating to exercise that do not create a liberty interest warranting due process protection under the standards of Hewitt v. Helms, 459 U.S. 460, 471-72 (1983).
 
 
 4
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Edward J. McManus, Senior United States District Judge for the Northern District of Iowa