CLD-157                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2709 & 09-2858
(cons.)
_____

KAREEM HASSAN MILLHOUSE,
                                                    Appellant

v.

R. ARBASAK, Lieutenant; D. DEMPSEY, Lieutenant; J. GIBBS, S.I.S. Lieutenant;
WILLIAM JEZIOR, Officer S.I.S. Investigator; KNOX, Captain; TROY LEVI; MR.
FREEMAN; SHIRLEY WHITE; DARREN HOWARD; TRACY V. BROWN; MRS.
SMITH; MR. BROWNS; MRS. BOARDMAN; K. MUSE; JAMIE MENDEZ; D. CRUZ;
DALMASI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-07-01442)
District Judge:  Honorable John P. Fullam
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and IOP 10.6
March 25, 2010
Before: BARRY, FISHER and STAPLETON, Circuit Judges

(Opinion filed : April 1, 2010)
_____

OPINION
_____

PER CURIAM

        Kareem Hassan Millhouse, a federal prisoner, appeals the order of the District

Court dismissing his civil rights complaint. For the following reasons, we will affirm. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

Millhouse alleged that while he was incarcerated at the Federal Detention Center (FDC) in Philadelphia, PA, prison officials violated his First, Fourth, Fifth, Eighth, and Fourteenth Amendment constitutional rights. His claims ranged in seriousness from sexual assault by a prison guard to deprivation of nail clippers. Many of the claims stemmed from Millhouse's placement in the Segregated Housing Unit (SHU). Defendants filed a motion to dismiss arguing that Millhouse failed to exhaust his administrative remedies. The District Court found several of the claims unexhausted and dismissed the remaining claims as meritless. Millhouse filed a timely notice of appeal challenging the District Court's order. After the District Court dismissed Millhouse's claims, he filed a motion to amend his complaint and a "motion of sovereignty under the Uniform Commercial Code." The District Court dismissed Millhouse's motions without prejudice. Millhouse filed a timely notice of appeal from that order. The Clerk consolidated the two appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. When considering a district court's grant of a motion to dismiss under Rule 12(b)(6), we "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

2

claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). We review the District Court's denial of a motion to amend for abuse of discretion. Winer Family Trust v. Queen, 503 F.3d 319, 325 (3d Cir. 2007).

We agree with the District Court and will adopt its reasoning. First, we find that Millhouse has failed to exhaust a majority of his claims. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under Bureau of Prison (BOP) regulations, Millhouse's first remedy is to resolve the issue informally. See 28 C.F.R. § 542.13(a). If the informal resolution fails, he would be required to file a formal Administrative Remedy Request. See 28 C.F.R. § 542.14. If the Warden denied the request, Millhouse would then be required to appeal to the Regional Director and then, finally, to the General Counsel in the Central Office of the BOP. See 28 C.F.R. § 542.15(a); Nyhuis v. Reno, 204 F.3d 65, 77 n.12 (3d Cir. 2000).

Of the fifty-one administrative grievances Millhouse filed, it appears that he only appealed two to the General Counsel.[1] While Millhouse asserts that Appellees are withholding his appeals to the General Counsel, he has not presented evidence that he filed such appeals. Millhouse also alleges that his appeals were "stonewalled," but he does not give specific examples of officials' obstruction. One exception is his assertion that prison officials dissuaded him from filing a sexual assault grievance by telling him

---

[1] The administrative remedy numbers for these claims are 449578 and 449581.

that the investigating was on-going. Despite officials' assurances, however, Millhouse filed a grievance regarding the alleged assault and, when the grievance was unsuccessful, he appealed to the Regional Office but not to the General Counsel. Thus, this is not a case where exhaustion could be excused because prison officials' misdirection deprived Millhouse of his administrative remedy. See Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002). Rather, Millhouse was aware that the grievance procedure could be utilized but he failed to fully avail himself of it.[2]

We also agree with the District Court that Millhouse's exhausted claims, as pleaded, are meritless. One of Millhouse's claims alleges prison officials violated his First Amendment rights by denying him access to the prison law library. In order to recover on such claim, he must show that he suffered actual injury. Lewis v. Casey, 518 U.S. 343, 350 (1996). Millhouse has failed to plead any injury from the alleged denial of access to the law library. In another claim, Millhouse alleges that prison officials routinely subjected him to strip searches when entering and exiting his cell in the SHU and that, during one search, a guard "focused on his chest and penis while other employees were present." The Supreme Court has held that prison officials may conduct visual body cavity searches in a reasonable manner. Bell v. Wolfish, 441 U.S. 520, 559-60 (1979). Assuming the truth of Millhouse's allegations, the searches, even if

---

[2] We also agree that Millhouse has not shown that prison officials have retaliated against him for filing grievances.

embarrassing and humiliating, do not violate the constitution.[3]  See, e.g., Del Raine v. Williford, 32 F.3d 1024, 1038-41 (7th Cir. 1994) (rejecting claim that rectal probe performed in lobby area of prison hospital was "unnecessarily brutal, painful and humiliating"); Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988) (upholding policy of conducting visual bodily cavity searches every time prisoner leaves or returns to maximum security unit or moves within unit).  Moreover, we agree with the District Court that Millhouse's placement in the SHU dose not constitute atypical and significant hardship which would violated the Fifth Amendment's Due Process clause.  See, e.g., Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (holding that a Pennsylvania prisoner's confinement in administrative segregation for 15 months did not implicate a liberty interest).

Millhouse's Eighth Amendment claims are also without merit.  Millhouse claims that he was denied recreation on January 11, 2007.  While the denial of exercise and recreation may result in a constitutional violation, a temporary denial is insufficiently serious to implicate the Eighth Amendment.  See, e.g., Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989).  Also meritless is Millhouse's claim that a prison worker placed his food tray on the floor.  See Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir. 1980).

---

[3] We note that Millhouse brought these searches on himself by possessing illegal weapons and attempting to sexually assault his attorney.

Finally, we agree with the District Court that any attempt by Millhouse to amend his complaint would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Millhouse's May 14, 2009 attempt to amend the complaint did not cure any of the exhaustion deficiencies in his original complaint or demonstrate that prison officials were "stonewalling" his attempts to exhaust.  The District Court also did not abuse its decision by denying Millhouse's attempt to add defendants and claims to his complaint two weeks after the entry of final judgment.  See Werner v. Werner, 267 F.3d 288, 296 (3d Cir. 2001) (after final judgment, leave to amend will be granted only sparingly and will be the "long-odds exception.") The District Court also properly denied Millhouse's "motion of sovereignty under the Uniform Commercial Code."

For the foregoing reasons, we will summarily affirm the order of the District Court.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.  Millhouse's motion to amend grounds for appeal is denied.[4]

---

[4] Millhouse argues in the motion that he is currently in the process of exhausting his sexual assault claim.  Exhaustion, however, must occur before a prisoner files a lawsuit. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).