DLD-192                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1712
_____

RASHAUN BARKLEY,
Appellant

v.

MICHELLE R. RICCI, Associate Administrator;
ALFORD KANDELL, Assistant Superintendent;
DONALD MEE, JR., Assistant Superintendent;
GOODING, Capt. Custody Captain;
GEORGE HAYMAN, Commissioner of N.J. Department of Corrections;
CHRISTINE S. DILL; LT. S. CATAPOLY; SGT. NEWSOM;
SCO.R.P. NOLAN; SCO. D. VAOCOLO; SGT. PERTRETTI;
CHRYSTAL RAUPPE; DENIECE GRAY; JEFFREY BELL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-02760)
District Judge:  Honorable Anne E. Thompson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 19, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges.

(Filed: July 22, 2011 )
_____

OPINION
_____

PER CURIAM

Rashaun Barkley, a New Jersey state prisoner, appeals pro se from the order of the District Court granting Defendants' motion for summary judgment. Because the appeal presents no substantial question, we will summarily affirm.

I.

Barkley, at all times relevant to his complaint, was incarcerated in the Management Control Unit ("MCP"), a close custody unit, at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. In March 2007, Barkley was determined to be a threat to other inmates and placed on "non-congregate" status. Inmates on non-congregate status are considered high-risk inmates, and, therefore, are not allowed to recreate with other inmates.

On June 14, 2007, Barkley commenced an action under 42 U.S.C. § 1983 against several prison employees (the "NJSP Defendants") alleging that he was not being given adequate outdoor recreation time. Barkley noted that section 10A:5-2.21(a) of the New Jersey Administrative Code provides for a minimum of two hours per week of exercise and recreation for inmates housed in the MCU, and also states that "every effort shall be made to provide at least five hours per week unless compelling security, safety or weather reasons dictate otherwise." See N.J. Admin. Code § 10A:5-2.21(a). Barkley claimed that he was not receiving the minimum two hours per week, and that the prison's failure to comply with the regulations amounted to deliberate indifference to his health and safety in violation of his rights under the Eighth Amendment. Several months later, Barkley filed an amended complaint notifying the court that the NJSP Defendants had

2

issued a new recreation schedule. Barkley maintained, however, that the new schedule remained insufficient under the regulations.

In December 2007, the NJSP Defendants filed a motion to dismiss, or, in the alternative, for summary judgment arguing, among other things, that the prison's restrictions on exercise did not violate Barkley's Eighth Amendment rights because the prison's efforts to provide additional exercise to the non-congregate MCU inmates demonstrated that the prison had not been deliberately indifferent to their need for exercise. The following month, in January 2008, the NJSP Defendants supplemented their motion with evidence that the prison had again increased recreation periods for non-congregate inmates so that Barkley now had more than the minimum amount of exercise set forth under the regulations.

In February 2008, Barkley filed a third amended complaint, bringing a retaliation claim against the NJSP and several new defendants. Barkley alleged that, since filing his original complaint, prison officials had searched his cell and reassessed his status in retaliation for his having filed suit against them.

In March 2008, the District Court granted the NJSP Defendants' motion for summary judgment. The Court did not rule on Barkley's retaliation claim, however. The NJSP Defendants subsequently moved for summary judgment on Barkley's retaliation claim and, in a February 2011 decision, the District Court granted their motion. The Court concluded that Barkley had not demonstrated that he exhausted his administrative remedies prior to filing suit. Barkley timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and may summarily affirm the judgment of the District Court if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We exercise plenary review over a district court's order of summary judgment. See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006). Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III.

We agree with the District Court that summary judgment was appropriate as to Barkley's Eighth Amendment claim. An inmate making a Eighth Amendment conditions of confinement claim must show that the alleged violation deprived him of the most minimal level of life's necessities, and that prison officials acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834, 847 (1994); Wilson v. Seiter, 501 U.S. 294, 304-05 (1991).[1]

The District Court determined that Barkley failed to raise a genuine issue of material fact as to whether the limitations were the product of deliberate indifference. See Farmer, 511 U.S. at 847 (1994) (requiring a successful Eighth Amendment claim

---

[1] We have held that the denial of exercise or recreation may result in a constitutional violation. See Peterkin v. Jeffes, 855 F.2d 1021, 1031 (3d Cir. 1988).

4

based on inhumane conditions of confinement to include a showing that prison officials knew of a substantial risk of serious harm and failed to take reasonable measures to avoid the harm). We agree.

As the District Court explained, the NJSP Defendants submitted evidence demonstrating that they reevaluated and readjusted the recreation schedule for non-congregate MSU inmates on two separate occasions after Barkley filed his complaint. Indeed, as of January 2008, the prison had increased the exercise schedule for non-congregate MSU inmates like Barkley so that he was receiving more than the minimum amount of exercise set forth under the regulations.[2] See Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (forty-five minutes of exercise per week not constitutionally infirm); Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989) (holding that denial of outdoor recreation for thirteen days not cruel and unusual punishment).

We also agree with the District Court that summary judgment was appropriate as to Barkley's retaliation claim. Barkley alleged that after he filed his original complaint, prison officials searched his cell, reassessed his status, and confiscated his mail in retaliation for his having filed his lawsuit. During an October 2007 search, officials found a pen that they believed had been modified for use as a weapon. Barkley was

---

[2] The District Court also properly denied as moot Barkley's claim for injunctive relief given that Barkley was already receiving the amount of exercise time that he sought in his complaint. See In re Surrick, 338 F.3d 224, 230 (3d Cir. 2003).

served with an administrative charge, but the charge was dropped because of a delay in serving him.

The District Court properly found that Wilson failed to exhaust this claim administratively before filing his complaint. Under the Prison Litigation Reform Act ("PLRA") prisoners must first properly exhaust their administrative remedies before filing an action under section 1983. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83 (2006).

In order to comply with the PLRA, an inmate must exhaust all available administrative remedies, including intermediate or final administrative review of a prison's decision. Booth v. Churner, 532 U.S. 731, 741 (2001). Barkley filed several Inmate Request Forms ("IRFs") relating to his claim of retaliation, but he failed to appeal their rejections. Barkley does not dispute that he did not comply with the administrative appeals process, but argues on appeal that he effectively completed the process when NJSP Defendants Ricci and Hayman "examined and ruled" on his claims. However, Barkley has not provided any evidence demonstrating that those Defendants ever reviewed, let alone ruled on, his grievance. Under these circumstances, we agree with the District Court that Barkley failed to exhaust his available administrative remedies.

As the appeal presents no substantial question, we will summarily affirm the District Court judgment. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10. 6.

6