NOT PRECEDENTIAL

ALD-269

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4402
_____

THOMAS BARNDT,
                              Appellant

v.

MICHAEL WENEROWICZ; JOHN E. WETZEL; GALLOWAY, Mr. R____;
WEBSTER, MR._____; LUQUIS, MR. J____; WILLIAMS, MR. J__K; CRANE,
MR.___; MEJIAS, MR._____; DORINA VARNER, MS., individually and in their
official capacities; WEAVER; BOGAN; HANNIBAL; HARDNETT;
SERGEANT  LACY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 15-cv-02729)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 1, 2017
Before:  MCKEE, JORDAN and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 19, 2017)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Thomas Barndt appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania. We will summarily affirm.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we describe its history only briefly. In June 2015, Barndt, an inmate confined at SCI-Graterford, filed a complaint pursuant to 42 U.S.C. § 1983 against fourteen prison employees in their individual and official capacities. He alleged that defendants violated his Eighth and Fourteenth Amendment rights by converting his family contact visit to non-contact; denying him fresh air, out of cell exercise, and showers for twenty-eight days while he was housed in the Special Needs Unit; placing him in a psychiatric observation cell without his first seeing a psychiatrist; confiscating two photos of his grandson as contraband and issuing a misconduct for possession of the photos; continuing to assert that the photos were contraband even after the misconduct charge was dropped; and confiscating his soup while he was housed in the Special Needs Unit.

In August 2015, defendants Wenerowicz, Wetzel, Luquis, Williams, Crane, and Varner filed a motion to dismiss Barndt's complaint, which the District Court

subsequently granted for all moving defendants with the exception of Luquis.[1]  In April

2016, the remaining nine defendants filed a motion for summary judgment, which the

District Court granted by order entered on November 8, 2016.  Shortly thereafter, Barndt

filed a motion to alter judgment, which was denied by the District Court by order entered

on November 22, 2016.  Barndt appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because Barndt has been

granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for

possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  We may summarily affirm

under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit.  We

exercise plenary review over a district court order for summary judgment.  Giles v.

Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  Summary judgment is appropriate "if the

movant shows that there is no genuine dispute as to any material fact and the movant is

---

[1] Although Barndt does not expressly appeal this District Court order, we have nevertheless reviewed it and conclude that dismissal is appropriate with regard to: several of the named defendants for lack of personal involvement, see Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); his interference with grievance procedure claims, see Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."); his allegation that Williams confiscated two photos of his "light-skinned" grandson, see Tillman v. Lebanon Cty. Correc. Facility, 221 F.3d 410, 422 (3d. Cir. 2000) (finding no constitutional violation where prison's grievance procedure provides adequate post-deprivation remedy); and his claim that he did not see a psychiatrist before being placed in a psychiatric observation cell, see, e.g., Gay v. Turner, 994 F.2d 425, 427 (8th Cir. 1993) (per curiam) (holding that temporary transfers, unlike indefinite psychiatric commitment, do not constitute major changes in conditions of confinement amounting to grievous loss, which would require procedural protections).

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

III.

Barndt alleges that the defendants violated his rights under the Fourteenth Amendment Equal Protection Clause by converting his contact visit with his family, including two granddaughters, to a non-contact visit. He claims that this occurred after two of the defendants witnessed him shaking hands with a Jamaican prisoner. Defendants assert that the visit was converted because of a notation in Barndt's file that indicated that he was not allowed to have contact with minors.

To pursue an equal protection claim under a "class of one" theory, Barndt must show that prison officials treated him differently from similarly situated individuals without a rational basis for the different treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); PG Publ'g Co. v. Aichele, 705 F.3d 91, 114 (3d Cir. 2013). We agree with the District Court that Barndt fails to establish a viable claim under the "class of one" theory as he does not allege the existence of similarly situated prisoners who

4

were treated differently, and fails to provide evidence for the allegation that defendants intentionally revoked his contact visit due to his relationship with Jamaican prisoners. Moreover, there was a rational basis for defendants to revoke the contact visit because there was a notation in Barndt's file indicating that he was not permitted to have contact with minors.[2] See Block v. Rutherford, 468 U.S. 576, 589 (1984) ("[T]he Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility.") Accordingly, the District Court properly granted summary judgment on this claim.

IV.

Barndt's Eighth Amendment conditions of confinement claim for the denial of out of cell exercise and showers for twenty-eight days fares no better. The Eighth Amendment imposes duties on prison officials to "provide humane conditions of confinement" and "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations omitted). To establish an Eighth Amendment conditions of confinement claim, Barndt must show that (1) the deprivation alleged was objectively, "sufficiently serious" such that the prison officials' acts or omissions resulted in the denial of "the minimal civilized measure of

---

[2] Defendants concede in their motion for summary judgment that the notation may have been added to Barndt's prison record in error. However, this does not impact our determination that at the time of the visit, there was a rational basis to convert the contact visit.

5

life's necessities"; and (2) that the prison officials exhibited a "deliberate indifference" to his health and safety. Id. at 834 (citations omitted). However, where conditions are not "cruel and unusual" but merely "restrictive and even harsh," they do not violate the Eighth Amendment but rather "are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).

This Court has never extensively addressed in a precedential opinion when a deprivation of outdoor exercise amounts to a substantial deprivation. However, other Courts of Appeals have suggested that when making this determination, courts should consider the totality of the circumstances, including, but not limited to, the length of the deprivation, the availability of recreation within the cell, and whether the inmate suffered any ill health effects as a result of the deprivation. See Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992); see also Rodgers v. Jabe, 43 F.3d 1082, 1086 (6th Cir. 1995); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983).

We agree with the District Court that in this instance, the temporary denial of out of cell exercise for twenty-eight days was not a substantial deprivation. See, e.g., Pearson v. Ramos, 237 F.3d 881, 884 (7th Cir. 2001) (finding denial of yard privileges for no more than ninety days not cruel and unusual punishment); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (finding "temporary denial of outdoor exercise with no medical effects is not a substantial deprivation"); Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989) (finding denial of outdoor recreation for thirteen days not cruel and

6

unusual punishment); <u>French v. Owens</u>, 777 F.2d 1250, 1255 (7th Cir. 1985) (finding lack of exercise constitutes a constitutional violation "[w]here movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened"). Barndt has not demonstrated that he suffered ill effects or sought medical care at the end of the twenty-eight day period, and he concedes in his deposition testimony that he had the space to exercise in his cell.

We also conclude that the District Court correctly determined that the denial of showers for a temporary period of time does not rise to the level of a constitutional violation. Barndt has not demonstrated that he suffered any ill effects from not being able to shower for twenty-eight days, and the record shows that he had a sink and running water in his cell, allowing him to wash daily if he desired. <u>See</u> <u>Shakka v. Smith</u>, 71 F.3d 162, 168 (4th Cir. 1995) (holding that denial of showers for three days was not cruel and unusual punishment as prisoner had other ways to clean himself).

Because Barndt has not established that defendants acted with deliberate indifference to his health or safety, and that they knew he would face a substantial risk of serious harm, the District Court properly granted summary judgment on Barndt's Eighth Amendment claim.

V.

Barndt's remaining claims are equally unpersuasive. With respect to his Fourth

Amendment claim for the confiscated soup and photos of his grandson,[3] the District

Court correctly concluded that the Fourth Amendment does not apply to searches of

prison cells or seizures of property within them. See Hudson v. Palmer, 468 U.S. 517,

536 (1984) ("We hold that the Fourth Amendment has no applicability to a prison cell.").

With regard to his due process claim, the District Court properly determined that the

availability of a post-deprivation grievance procedure afforded him sufficient due process

in connection with his confiscated property. Id. at 533 ("[A]n unauthorized intentional

deprivation of property by a state employee does not constitute a violation of the

procedural requirements of the Due Process Clause of the Fourteenth Amendment if a

meaningful postdeprivation remedy for the loss is available."). Although Luquis'

continued characterization of the confiscated photos as contraband after the misconduct

charge had been dropped may have been incorrect, Barndt availed himself of the

available post-deprivation grievance procedures, and he has failed to show how Luquis'

actions undermined the adequacy of those procedures.

---

[3] Barndt alleges that Luquis, the Unit Manager for the Special Needs Unit, allowed two prison officials to confiscate photos of his grandson because the photos showed Barndt's "light-skinned" grandson who "resemble[d] a Jamaican." Barndt claims that he was told the photographs were property of another inmate, and he was issued a misconduct for possession of contraband. Barndt filed a grievance, and the misconduct charge was dropped. However, he claims that Luquis continued to say the photos were contraband, and his photos were never returned.

8

VI.

For the foregoing reasons, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's order granting summary judgment to the defendants.  Barndt's motion for appointment of counsel is denied.